**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR HUGO GONZALEZ, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. 2:26-cv-00341-SPG-MBK<br><br>**ORDER DENYING MOTION TO REMAND [ECF NO. 9]** |

Before the Court is the Motion to Remand, (ECF No. 9 ("Motion")), filed by Plaintiff Victor Hugo Gonzalez ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

**I.    BACKGROUND**

On or around October 10, 2022, Plaintiff purchased a 2020 Lincoln Navigator, VIN 5LMJJ2TT1LEL10743 (the "Vehicle"), manufactured and sold by Defendant Ford Motor Company ("Defendant"), for $114,970.08. (ECF No. 1-3 ("Compl.") ¶ 8). When Plaintiff purchased the Vehicle, he received express written warranties through which Defendant "agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to

-1-

provide compensation if there was a failure in such utility or performance." (*Id.* ¶ 9). According to Plaintiff, during the warranty period, the Vehicle developed suspension, engine, emission, electrical, transmission, and structural system defects that impaired its use, value, and safety. (*Id.* ¶¶ 10, 27). Plaintiff alleges he delivered the Vehicle to Defendant, which failed to repair the Vehicle after a reasonable number of opportunities to do so. (*Id.* ¶¶ 28–29). Plaintiff asserts that, in light of the nonconformities, he justifiably revoked acceptance of the Vehicle and exercised his right to cancel the contract. (*Id.* ¶ 16).

Plaintiff initiated this action in Los Angeles County Superior Court on October 8, 2025. He brings claims under California's Song Beverly Consumer Warranty Act ("Song Beverly Act"). *See* (*id.* ¶¶ 21–62). As relief, Plaintiff seeks actual damages, rescission of the purchase contract and restitution, civil penalties, and attorney's fees. *See* (*id.* at Prayer). Defendant filed an answer on October 22, 2025. *See* (ECF No. 1-4). Defendant removed the action to this Court on January 14, 2026. *See* (ECF No. 1). In the Notice of Removal, Defendant alleged that the parties were completely diverse and the amount in controversy plausibly exceeds $75,000. *See* (*id.* at 3–4). Defendant claims that it determined the amount in controversy based on a "preliminary investigation" into deductible offsets for Plaintiff's claim under the Song Beverly Act. *See* (*id.* at 4–5).

Plaintiff filed the instant Motion on February 13, 2026. *See* (Motion). Defendant filed a brief in opposition on March 11, 2026, *see* (ECF No. 13 ("Opposition")), and Plaintiff filed a brief in reply on March 18, 2026, *see* (ECF No. 16 ("Reply")).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each

defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Federal law sets forth two separate deadlines, which, if triggered, require a defendant to initiate removal within thirty days: (1) following service of an initial pleading that affirmatively reveals the basis for removal; or (2) if "the case stated by the initial pleading is not removable," following receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The first thirty-day deadline "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.   DISCUSSION

Plaintiff's sole argument in favor of remand is that Defendant's notice of removal was untimely under § 1446(b)(1). *See* (Motion at 2). Plaintiff argues that removability was clear on the face of the Complaint because the Complaint alleged that he purchased

the Vehicle for $114,970.08, and he requested relief in the form of actual damages, restitution, and civil penalties. *See* (*id.* at 10–12). Defendant responds that the Complaint did not trigger the 30-day removal deadline in § 1446(b)(1) because the Complaint does not specify a requested damages figure and alleging the Vehicle's purchase price did not make the amount in controversy unequivocally clear and certain. *See* (Opp. at 10).

Plaintiff seeks to recover under the Song Beverly Act. *See generally* (Compl.). Under the Song Beverly Act, the purchaser of a vehicle may obtain restitution equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). The usage offset is calculated by multiplying the purchase price by a fraction with a denominator of 120,000 and a numerator of "the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer." Cal. Civ. Code § 1793.2(d)(2)(C). In addition, defendants in actions seeking restitution for motor vehicles are entitled to offset from the purchase price any negative equity, manufacturer's rebate, third-party sold optional equipment, and unpaid financing. Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f). The Ninth Circuit has explained that, because "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable,'" consideration of the Song Beverly Act's offsets in calculating the amount in controversy is "appropriate." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (quoting *Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983)).

Considering these statutory offsets, the allegation of the Vehicle's purchase price did not make it "unequivocally clear and certain" that the case was removable. *See Dietrich*, 14 F.4th at 1094. While Plaintiff disclosed the purchase price of the Vehicle, he did not provide information about the vehicle's payoff history. *See Lopez v. Gen. Motors, LLC*, No. CV 25-06549-MWF(MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025) (denying motion to remand because "Defendant could not have calculated the unpaid financing offset without the loan payment history"); *see also Picasso v. Ford Motor Co.*, No. 2:24-CV-10743-MCS-AS, 2025 WL 1722085, at *2 (C.D. Cal. Feb. 24, 2025) ("[T]he

total sale price does not provide an appropriate starting point for the estimate of actual damages," as "the actual price paid or payable by the buyer" on a financed vehicle does not include "finance charges that have yet to accrue").

While the inclusion of attorney's fees and civil penalties, coupled with the disclosure of the vehicle's purchase price, may have made it likely that the amount in controversy requirement was met, the Ninth Circuit has adopted a "bright-line approach" requiring that removability be "unequivocally clear and certain" to trigger the removal deadline. *Dietrich*, 14 F.4th at 1095; *Harris*, 425 F.3d at 697.  Because actual damages were uncertain, Defendant had no basis to calculate civil penalties. *See Lopez*, 2025 WL 2629545, at *4 ("Defendant could not have calculated civil penalties in this action until the actual damages were certain."); *see also Crescencio v. Ford Motor Co.*, No. CV 24-10946-MWF (BFMx), 2025 WL 1122096, at *3 (C.D. Cal. Apr. 9, 2025) ("Because the Complaint does not include sufficient information from which [the defendant] could reliably calculate actual damages, any estimate of civil penalties was equally uncertain.").  As to attorney's fees, Plaintiff provided no information from which Defendant could calculate any such award, let alone with unequivocal certainty. *See Lopez*, 2025 WL 2629545, at *4 (finding it "implausible at this early stage of the action" that defendant could determine that attorney's fees would exceed the amount in controversy threshold).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.

**IT IS SO ORDERED.**

DATED:  April 13, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE